THE HONORABLE BENJAMIN H. SETTLE

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>TITUS-WILL FORD SALES, INC. AND TITUS-WILL IMPORT SALES, INC.,<br><br>Defendants. | CIVIL ACTION 3:18-cv-05772-BHS<br><br>[PROPOSED] CONSENT DECREE |

I.     INTRODUCTION

1.     This action originated when Lucas Perry filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"). Mr. Perry alleged that Titus-Will Ford Sales, Inc. discriminated against him in violation of the Americans with Disabilities Act of

EEOC v. Titus-Will Ford Sales, Inc.
and Titus-Will Import Sales, Inc.
[PROPOSED] CONSENT DECREE
**Page - 1**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

1990 and Title I of the Civil Rights act of 1991 (“ADA”) when it terminated him from his employment because of his disability.

2. On July 3, 2018, the EEOC issued a Letter of Determination with a finding of reasonable cause to believe that Titus-Will violated the ADA. Thereafter, EEOC and Titus-Will attempted to conciliate the charge and conciliation was unsuccessful.

3. The EEOC filed this lawsuit on September 24, 2018, in the United States District Court for the Western District of Washington against Titus-Will Ford Sales, Inc. On July 9, 2019, EEOC filed an amended complaint to add Titus-Will Import Sales, Inc. The EEOC’s suit alleges that Titus-Will Ford Sales, Inc, and Titus-Will Import Sales, Inc. (“Defendants” or “Titus-Will”) discriminated against Mr. Perry, a qualified individual, when it terminated him because of his disability.

4. The parties want to conclude fully and finally all claims arising out of the EEOC’s Amended Complaint and Mr. Perry’s charge of discrimination filed with the EEOC. The EEOC and Titus-Will enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in the ADA.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

6. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Washington.

### III. NON-ADMISSION OF LIABILITY AND NON-DETERMINATION BY THE COURT

7. This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission by Titus-Will of a violation of the ADA or any federal, state or local law.

### IV. SETTLEMENT SCOPE

8. This Consent Decree is the final resolution of all allegations of unlawful employment practices contained in Mr. Perry's discrimination charge, in the EEOC's administrative determination, and in the EEOC's Amended Complaint filed in this lawsuit, including all claims by the parties for attorney fees and costs.

9. This Decree applies to all Titus-Will Ford Sales, Inc. and Titus-Will Import Sales, Inc. facilities located within Washington state.

10. Defendants will not condition the receipt of monetary relief on Mr. Perry's agreement to (a) maintain as confidential the facts and/or allegations underlying his charge and the Amended Complaint and the terms of this Decree; (b) waive his statutory right to file a charge with any governmental agency; (c) refrain from reapplying for a job with Titus-Will; or (d) a non-disparagement and/or confidentiality agreement.

### V. MONETARY RELIEF

11. Defendants shall pay Mr. Perry one-hundred-twenty-five thousand dollars ($125,000) within (14) business days of the entry date of this Consent Decree. This payment shall include specific amounts for back pay and compensatory damages. Mr. Perry shall provide Defendants with W-4 and W-9 forms within five (5) days of the entry of this Decree.

EEOC v. Titus-Will Ford Sales, Inc.
and Titus-Will Import Sales, Inc.
[PROPOSED] CONSENT DECREE
**Page - 3**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

Defendants shall make payment by checks – one check for wage damages in the amount of thirty-two thousand dollars ($32,000) less any withholdings, and another check for non-wage damages, in the amount of ninety-three thousand dollars ($93,000) made payable to Lucas Perry at an address that the Commission will provide to Defendants.  Defendants will issue an IRS form W2 for the wage payment and an IRS form 1099 for this payment of non-wage damages. Defendants shall simultaneously transmit copies of the checks made payable to Mr. Perry, together with an accounting of the employee deductions and employer contributions made, and tracking information for the delivery of the checks to EEOC-SEFO_COMPLIANCE@eeoc.gov and SEFO_TITUS-WILL@EEOC.GOV.

VI. INJUNCTIVE AND OTHER RELIEF

A. General Provisions

12. Defendants, including its officers, agents, managers, supervisors, human resource employees and their successors and assigns are enjoined from engaging in practices that discriminate against persons based on disability.  In recognition of its obligations under the ADA, Defendants shall institute the policies and practices set forth below.

13. Defendants will provide prior written notice to any potential purchaser of Titus-Will's businesses, or a purchaser of all or a portion of Titus-Will's assets, and to any other potential successor, of the allegations raised in the EEOC's Amended Complaint, and the existence and contents of this Consent Decree.

B. ADA Practices Consultant

14. Within thirty (30) days of entry date of this Consent Decree, Defendants shall retain an independent consultant ("Consultant") with expertise in the Americans with Disabilities Act (ADA) and related employment policies and practices to assist Defendants in the review,

EEOC v. Titus-Will Ford Sales, Inc.
and Titus-Will Import Sales, Inc.
[PROPOSED] CONSENT DECREE
**Page - 4**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

development, and promulgation of policies, practices and training consistent with the requirements of this Consent Decree, and specifically with regard to compliance with the ADA. Upon selection of a proposed Consultant, Defendants shall provide materials related to the Consultant's qualifications and expertise, particularly as they relate to and are consistent with advancing the purpose and requirements of this Consent Decree, to the EEOC for review and comment. Within fifteen (15) days of receipt, the EEOC will advise the Defendants of any comments. The Defendants shall review the comments and act in good faith in response to those comments. The Defendants shall bear all costs of retaining the Consultant for the duration of the Consultant's duties as the Consent Decree provides.

The Consultant will have access to all records, documents, data and other sources of information, including interviews of Defendants' personnel, which may be necessary or appropriate to inform the Consultant's evaluation and recommendations.

C.   Anti-Discrimination Policies and Procedures

15. Within ninety (90) days from the date of entry of this Decree and for its duration, at all Titus-Will Ford Sales, Inc., Titus-Will Import Sales, Inc. and Titus-Will Lakewood Ford facilities within Washington state, Titus-Will shall implement anti-discrimination policies and procedures that prohibit discrimination and retaliation, explain to employees their rights and responsibilities under the EEO laws, and are subject to periodic updating to reflect changes in anti-discrimination laws. The policies will state that they are promulgated at the direction of and with the endorsement by the highest level of Titus-Will management. These policies and procedures shall be provided to the EEOC for review and comment no later than thirty (30) days prior to implementation. Within fourteen (14) days of receipt, the EEOC will advise Defendants of any comments. EEOC agrees to review the proposed policies and procedures in good faith.

EEOC v. Titus-Will Ford Sales, Inc.
and Titus-Will Import Sales, Inc.
[PROPOSED] CONSENT DECREE
**Page - 5**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

16. Titus-Will's anti-discrimination policies shall contain specific provisions relating to the Americans with Disabilities Act, as amended, with special emphasis on the ADA's reasonable accommodation obligations. The disability discrimination section of the policies will provide a definition of disability discrimination and must include statements that: 1) employees will be judged on their actual ability to perform the job and will not be judged based on fears, myths, and/or stereotypes about their disability, and 2) retaliation against persons who make complaints of disability discrimination or request an accommodation is strictly prohibited. Titus-Will's disability discrimination policy will also include, at a minimum, an express description of 1) what constitutes prohibited discrimination under the ADA; 2) how its officers, agents, managers, supervisors, hiring/interviewing officials, and human resource personnel must respond to requests for reasonable accommodation or when aware that a reasonable accommodation may be necessary; 3) its duty to engage in the interactive process with a disabled applicant or employee who expresses a need for reasonable accommodation or for whom constructive notice of reasonable accommodation is given; 4) how an applicant or employee may request a reasonable accommodation; and 5) its obligation to educate its officers, agents, managers, supervisors, hiring/interviewing officials, and human resource personnel about how to respond to such requests, including what factors will be considered in approving or denying the request for accommodation and the time frame for approval.

17. Titus-Will's anti-discrimination and anti-retaliation policies shall include a complaint procedure for employees and applicants to ensure convenient access to points of contact for reporting discrimination and retaliation and require a timely response by the company. The procedures shall: 1) identify multiple points of contact, including phone numbers, addresses, and email addresses, through which employees and applicants can lodge complaints;

EEOC v. Titus-Will Ford Sales, Inc.
and Titus-Will Import Sales, Inc.
[PROPOSED] CONSENT DECREE
**Page - 6**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

2) allow complaints to be submitted anonymously, verbally, or in writing; 3) provide a method for documenting verbal complaints; 4) explain that Titus-Will will conduct a thorough investigation after a complaint is made or received; 5) indicate that investigations will commence within two (2) business days after a complaint is received and be completed within fifteen (15) days; 6) state that the confidentiality of complainants, victims and witnesses will be maintained to the extent feasible; 7) state that Titus-Will will take appropriate corrective action upon determining that discrimination or retaliation has occurred; 8) state that complainants and witnesses will not be retaliated against or suffer any negative employment consequences for complaining or cooperating in an investigation; and 9) indicate that Titus-Will will communicate to the complainant, within five (5) days of the conclusion of the investigation, the results of the investigation including a general description of the remedial actions taken or proposed, if any. The procedures shall also include a statement from a high-ranking company official encouraging employees to come forward with complaints of discrimination and retaliation they experience or observe.

18. Titus-Will's anti-discrimination and anti-retaliation policies shall include an investigation procedure to ensure fair and competent investigations of complaints of discrimination. The procedures shall, at a minimum, include requirements that: (a) Defendants will begin the investigation of a complaint no later than two (2) business days after the receipt and complete it within fifteen (15) days; (b) appropriate remedial action will be taken upon conclusion of the investigation; (c) the findings and corrective action be memorialized in a written report including, at a minimum, the allegations of the complaint, the identities of all named witnesses, all witness statements, a summary of documentary evidence, an explanation of investigative findings and a description of any corrective action taken; (d) the results of each

EEOC v. Titus-Will Ford Sales, Inc.
and Titus-Will Import Sales, Inc.
[PROPOSED] CONSENT DECREE
**Page - 7**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

investigation, including a general description of the remedial actions taken or proposed, if any, be communicated to the complainant within five (5) days of the conclusion of the investigation; and (e) a process for appealing if the complaint is not substantiated.

19. Not later than ninety (90) days after the entry of this Consent Decree, Titus-Will shall distribute a written copy of its anti-discrimination policies to all its employees both management and non-management. These policies will also be distributed to every employee hired or re-hired during the duration of this Decree. In addition, Titus-Will shall state its commitment as an Equal Opportunity Employer by stating the following on all application materials, including paper and online versions, highlighted in bold text no smaller than 12-point font: "Discrimination in all forms, including based on disability, is unacceptable at Titus-Will, and Titus-Will is committed to a workplace free from discrimination and retaliation. Titus-Will encourages applicants who believe that they were subjected to discrimination or retaliation to contact Titus-Will's human resources by phone at 253-475-4151, or email at kkyser@tituswill.com, or mail at 3606 S. Sprague Avenue, Tacoma, WA 98409. All applicant complaints shall be addressed promptly, and Titus-Will shall respond to the applicant within five (5) business days of receipt."

D. Policies Designed to Promote Accountability

20. Within ninety (90) days from the date of entry of this Decree and for its duration, Titus-Will shall adopt and implement policies and procedures that specifically advise all vice presidents, managers, supervisors, and human resource personnel of their duty to ensure compliance with its EEO anti-discrimination policies, including the ADA, and the prohibition against retaliation. Titus-Will shall impose discipline, up to and including termination of

EEOC v. Titus-Will Ford Sales, Inc.
and Titus-Will Import Sales, Inc.
[PROPOSED] CONSENT DECREE
**Page - 8**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

employment, upon any supervisor, manager, hiring official, or human resources personnel, who it determines discriminates against any applicant and/or employee on the basis of disability.

21.  In conducting performance reviews, Defendants shall include EEO enforcement and compliance, including with the ADA, as standards for vice presidents, managers, supervisors, and human resource personnel.

E.  Policy Modifications.

22.  If Defendants modify any of the policies or procedures identified in paragraphs 14-18, it shall submit to the EEOC for its review and consideration the policies and procedures no later than thirty (30) days before adoption. Within fourteen (14) days of receipt, the EEOC will review the proposed modifications in good faith and advise Defendants of any comments.

F.  Training

23.  As set forth below in paragraphs 23-25, Titus-Will shall provide, at its own cost, separate EEO trainings at Titus-Will Ford Sales, Inc., Titus-Will Import Sales, Inc. and Titus-Will Lakewood Ford, for all management and human resources personnel and all non-management employees which will specifically cover the ADA and reasonable accommodations in the workplace. Titus-Will will provide reasonable accommodations as necessary for any attendees with a disability.

24.  Not later than one-hundred-twenty (120) days after entry of this Consent Decree, and thereafter annually, Titus-Will shall provide an in person, interactive EEO training session to all Titus-Will presidents, vice-presidents, managers and supervisors at its Washington state facilities, corporate/parent locations and all human resource professionals who provide advice and assistance to the Titus-Will's management. The annual anti-discrimination trainings shall be no less than two (2) hours in duration, and include, at a minimum, an overview of the ADA with

EEOC v. Titus-Will Ford Sales, Inc.
and Titus-Will Import Sales, Inc.
[PROPOSED] CONSENT DECREE
**Page - 9**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

special emphasis on employee rights and responsibilities in requesting a reasonable accommodation, employer obligations in responding to requests for reasonable accommodation, the interactive process, and the employer's ongoing obligation to ensure the effectiveness of reasonable accommodations, if granted.  The trainings shall be aimed at helping attendees understand how to define and identify disability discrimination and retaliation, and the steps Titus-Will will take to review each request for a reasonable accommodation.

25. Not later than one-hundred-twenty (120) days after entry of this Consent Decree, and thereafter annually, Titus-Will shall provide an annual, online, interactive EEO training seminar to all its employees at its Washington state facilities and corporate/parent locations. These annual anti-discrimination trainings for employees shall be no less than two (2) hours in duration, and include, at a minimum, an overview of the ADA with special emphasis on Titus-Will's EEO policies relating to the ADA, including making requests for reasonable accommodation; how those requests will be processed; the obligation to engage in the interactive process; how to appeal denials of requests for reasonable accommodation; and Titus-Will's process to reconsider Titus-Will decisions related to reasonable accommodation; the definition of and Titus-Will's policy on disability discrimination; Titus-Will's complaint and investigation procedures and contact information for reporting disability discrimination; bystander intervention techniques when employees witness discrimination occurring; that retaliation against an employee or applicant who requests an accommodation or complains is prohibited; and contact information for EEOC as a resource for ADA-related inquiries and to report discrimination.  In addition, Titus-Will thereafter shall provide this training to new hires within thirty (30) days of the employee's hire date.

EEOC v. Titus-Will Ford Sales, Inc.
and Titus-Will Import Sales, Inc.
[PROPOSED] CONSENT DECREE
**Page - 10**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

26. Not later than one-hundred-twenty (120) days after entry of this Consent Decree, employees with investigative responsibilities regarding harassment, discrimination, and retaliation claims shall receive in-person, interactive training in how to conduct such investigations.  The workplace investigations training shall be no less than one (1) eight (8) hour work day, which may include the two (2) hour training described in paragraph 23 regarding Defendants' anti-harassment, anti-discrimination, and anti-retaliation policies, supervisory performance standards, and complaint and investigation procedures.  Beginning one-hundred-twenty (120) days after the entry of this Consent Decree, investigations at Titus-Will facilities will be conducted by an employee with experience or training investigating complaints of workplace harassment, discrimination and retaliation and who has attended a one-day training on the subject of workplace investigations.

27. The trainings described in paragraphs 23-25 shall be developed and conducted by a third party with established experience conducting anti-discrimination and anti-retaliation training with an emphasis on the ADA and workplace investigations.  All training materials must be submitted to the EEOC for review and comment no later than sixty (60) days prior to holding the first training sessions.  Within fourteen (14) days of receipt, the EEOC will advise Titus-Will of any comments.  EEOC agrees to review the proposed training materials in good faith.

28. If Titus-Will modifies the EEO trainings identified in paragraphs 23-25 during the duration of the Decree, Titus-Will shall submit to the EEOC for its review and comment the proposed modifications no later than thirty (30) days before adoption.  Within fourteen (14) days of receipt, the EEOC will advise Titus-Will of any comments.  EEOC agrees to review the proposed modifications in good faith.

EEOC v. Titus-Will Ford Sales, Inc.
and Titus-Will Import Sales, Inc.
[PROPOSED] CONSENT DECREE
**Page - 11**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

29. For the duration of this Consent Decree, Titus-Will shall notify the EEOC of the completion of the annual training sessions and shall specify the names and job titles of the individuals who participated in and completed the training. This information shall be provided as part of the semi-annual reports Titus-Will submits to the EEOC.

G. Non-Disclosure of Information

30. Titus-Will shall ensure that no charge or allegation of discrimination against Titus-Will, and no reference to this lawsuit against Titus-Will, are included in Mr. Perry's personnel file. Titus-Will shall not disclose any information or refer to any charge of discrimination or this lawsuit in responding to requests for information from potential employers about Mr. Perry. When fielding inquiries about Mr. Perry, Titus-Will shall provide a neutral job reference consisting only of employment dates and position held.

H. Posting

31. Titus-Will shall post a Notice to All Employees within fourteen (14) days of entry of this Consent Decree. This Notice is attached as Exhibit A to this Consent Decree. The Notice shall be conspicuously posted on bulletin board at all Defendants' facilities within the Washington state for the duration of the Consent Decree.

I. Reporting

32. Titus-Will shall report to the EEOC for a period of three (3) years. The reporting period will run from the date of the entry of this Consent Decree. The reports shall be in writing and submitted on a semi-annual basis beginning six (6) months after the entry of this decree and continuing during the three-year reporting period to EEOC-SEFO_COMPLIANCE@eeoc.gov and SEFO_TITUS-WILL@EEOC.GOV. These semi-annual reports shall contain the following information and attachments:

EEOC v. Titus-Will Ford Sales, Inc.
and Titus-Will Import Sales, Inc.
[PROPOSED] CONSENT DECREE
**Page - 12**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

   a. Certification that Defendants have:

      i. Continued to maintain its written ADA policy and procedures and distributed copies of its ADA policy as described in Section VI C;

      ii. Complied with the Notice Posting requirement in Section VI H;

      iii. Complied with the training provisions enumerated in this Consent Decree, as provided in Section VI F, and provided a list of all attendees, with job titles, for each training completed;

      iv. Continued to maintain written policies and procedures to promote accountability as required by Section VI D-E; and

      v. Complied with all other provisions of this Consent Decree.

   b. Copies of the following documents shall be included with each semi-annual report:

      i. A copy of the EEO policy and procedures maintained in accordance with the provisions of this Consent Decree;

      ii. A copy of its current EEO policy and a list of any changes, modifications or revisions to its EEO policies and procedures, if any, which concern or affect the subjects of discrimination or retaliation;

      iii. A report of the resolution of each internal formal or informal disability discrimination or disability retaliation complaints made by employees or applicants, including

          1. identification of all individuals involved, including their titles and work locations;

          2. the particulars of the complaint;

          3. a summary of the investigation;

          4. the company's determination and any corrective action taken;

          5. name(s) and title of individual(s) who received, investigated and or otherwise addressed and or took action based on the complaint; and

          6. the home address, home and cell phone numbers, and e-mail address for any complainants.

EEOC v. Titus-Will Ford Sales, Inc.
and Titus-Will Import Sales, Inc.
[PROPOSED] CONSENT DECREE
**Page - 13**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

33. During the pendency of this Consent Decree, Titus-Will shall make available a hiring or human resource official, or other appropriate personnel responsible for hiring in its corporate facilities, for audits made upon request by EEOC to determine compliance with this Consent Decree. EEOC shall provide notice of audit subject matter not later than five (5) business days in advance but, at a minimum, the audit shall include whether Titus-Will has terminated any individual because of disability and whether Titus-Will has received any complaints about discrimination against individuals based on disability. Any requested audit will be conducted at a mutually agreeable time and place.

VII. ENFORCEMENT

34. If the EEOC determines that Titus-Will has not complied with the terms of this Consent Decree, the EEOC shall provide written notification of the alleged breach to Titus-Will. The EEOC shall not petition the Court for enforcement of this Consent Decree for at least forty-five days (45) days after providing written notification of the alleged breach. The EEOC and Titus-Will shall utilize the 45-day period to engage in good-faith efforts to resolve the dispute.

VIII. RETENTION OF JURISDICTION

35. The United States District Court for the Western District of Washington shall retain jurisdiction over this matter for the duration of this Consent Decree, for enforcement purposes.

36. This Consent Decree shall be in effect for three (3) years from the date of entry of the Decree. If the EEOC petitions the Court for breach of this Consent Decree, and the Court finds Titus-Will to be in violation of the terms of the Consent Decree, the Court may extend the duration of this Consent Decree.

DATED this 3rd day of December, 2019.

EEOC v. Titus-Will Ford Sales, Inc.
and Titus-Will Import Sales, Inc.
[PROPOSED] CONSENT DECREE
**Page - 14**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

| | |
|---|---|
| ROBERTA L. STEELE<br>Regional Attorney | SHARON FAST GUSTAFSON<br>General Counsel |
| JOHN F. STANLEY<br>Supervisory Trial Attorney | JAMES L. LEE<br>Deputy General Counsel |
| TERI HEALY<br>Senior Trial Attorney | GWENDOLYN Y. REAMS<br>Associate General Counsel |

BY:   *s/ Roberta L. Steele*
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400          Office of the General Counsel
Seattle, WA  98104-1061              131 M Street, N.E.
Telephone (206) 220-6916             Washington, D.C. 20507

Attorneys for Plaintiff EEOC


By   *s/ David B. Jensen*
David B. Jensen, WSBA No. 21284
LAW OFFICE OF ESTABROOK AND WALLACE
1299 Zurich Way, Suite 460
Schaumburg, IL 60196
T: 206-515-4822
Email: david.b.jensen@zurichna.com

Attorneys for Defendants,
Titus-Will Ford Sales, Inc. and Titus-Will Import Sales, Inc.

EEOC v. Titus-Will Ford Sales, Inc.
and Titus-Will Import Sales, Inc.
[PROPOSED] CONSENT DECREE
**Page - 15**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I filed by ECF the parties [Proposed] CONSENT DECREE.

DATED this 3rd day of December, 2019

*/s/ Rebecca Eaton*
REBECCA EATON
Paralegal Specialist
EEOC Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104-1061
Telephone: 206-220-6855
Email: rebecca.eaton@eeoc.gov

EEOC v. Titus-Will Ford Sales, Inc.
and Titus-Will Import Sales, Inc.
[PROPOSED] CONSENT DECREE

**Page - 16**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882